UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANFRED HIRSCH and
ELLEN GIALLONARDO,

          Plaintiffs,

v.                              CASE NO.

VICTORIA PALERMO, MD, DDS
FLORIDA CRANIOFACIAL
INSTITUTE PA, and
FIRST COAST SERVICES
OPTIONS, INC.,

          Defendants.

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

      **Comes now** the United States of America, reserving all immunities, rights, and defenses, and pursuant to 28 U.S.C. § 1442(a)(1) and § 1441(c) removes to this Court that action originally captioned Hirsch et al. v. Palermo et al., Case No. 2025-CC-6650 (County Court, 13th Circuit, Hillsborough County, FL), and states as follows:

## MEDICARE PART B

      1.     Medicare Part B – formally known as "Supplementary Medical Insurance Benefits for the Aged and Disabled" – is a federal health insurance program administered by the Center for Medicare and Medicaid Services

(CMS), a component of the U.S. Department of Health and Human Services (HHS). Generally, Medicare Part B provides coverage for various outpatient services but does not provide coverage for dental services. See 42 USC 1395y(a)(12).

2. The Secretary of the HHS ("Secretary") is authorized to contract with private entities – known as "[M]edicare administrative contractors," or MACs – to administer Part B, including determining whether claims are payable under Part B. See 42 U.S.C. § 1395u(a); 42 U.S.C. § 1395kk-1(a)(4). Under this arrangement, the Secretary pays the MACs the cost of claims administration, and the MACs "act on behalf of CMS," 42 C.F.R. § 421.5(b), that is as "the Secretary's agents." Schweiker v. McClure, 456 U.S. 188, 190 (1982). Among other things, the MAC "decides initially whether the services were medically necessary, whether the charges are reasonable, and whether the claim is otherwise covered by Part B." Id. (citing 42 U.S.C. § 1395y(a).

3. Among other things, CMS indemnifies the MACs with respect to those duties, 42 C.F.R. § 421.5(b), and thus " . . . CMS is the real party of interest in any litigation involving the administration of the [Part B] program." Id.

4. Upon removing this action, the United States will file a motion seeking to substitute the Secretary as party-defendant in place of FCSO in this action.

**PLAINTIFF GIALLONARDO's TREATMENT**

5. On or about July 27, 2023, and through at least May 28, 2024, Plaintiff Ellen Giallonardo received dental and/or other services ("Services Rendered") from Defendant Victoria Palermo, MD, DDS and/or Defendant Florida Craniofacial Institute PA (hereinafter, collectively, "FCI").

6. As is their right to choose not to participate in Medicare, neither Dr. Palermo nor FCI are enrolled providers under Medicare and, as such, services rendered by them – if otherwise payable under Medicare – cannot be reimbursed by Medicare.

7. At least as early as September 11, 2023, FCI informed one or more of the Plaintiffs that FCI did not accept Medicare.

8. On or about April 18, 2024, FCI informed one or more of the Plaintiffs that FCI would not bill Medicare for Plaintiffs as a courtesy.

9. On information and belief, Plaintiffs' private dental insurance provided coverage and some payment for the Services Rendered.

10. Nevertheless, on or about June 3, 2024, one or more of the Plaintiffs submitted to First Coast Service Options, Inc., a claim seeking to have the Medicare Part B program provide coverage for the Services Rendered to Plaintiff Giallonardo by FCI.

11. In that claim and otherwise, Plaintiffs referred to FCI's "fees in the total amount of $16,276.00" and sought reimbursement of same. FCSO

was thus and otherwise lead to believe Plaintiffs had paid FCI $16,276.00 for the Services Rendered, when Plaintiffs had not paid that amount to FCI.

12. On or about July 23, 2024, FCSO mailed to Plaintiff Giallonardo a "Medicare Summary Notice" – informally known as an Explanation of Benefits, or EOB – advising that the Services Rendered by FCI between July 27, 2023, and through at least May 28, 2024, were not covered by Medicare. That EOB erroneously stated that Plaintiff Giallonardo was due a refund from FCI.

13. On or about August 9, 2024, FCI requested redetermination of the EOB from FCSO, specifically to correct the statement that Plaintiff Giallonardo was not responsible for payment for the Services Rendered and/or was due a refund from FCI for same.

14. FCSO thereafter reopened the claim, identified the error, and on or about November 20, 2024, FCSO mailed to Plaintiff Giallonardo a revised Medicare Summary Notice correctly stating that the Services Rendered by FCI were not covered by Medicare. That corrected EOB did not include the statement that Giallonardo was due a refund from FCI.[1]

---

[1] Because FCSO had been lead to believe Plaintiffs had paid FCI $16,276.00 (i.e., in full) for the Services Rendered, that EOB stated that "$0.00" was the "Maximum You May Be Billed."

15. On or about December 3, 2024, Giallonardo sent a letter to FCSO appealing the above determination and expressly requesting a statement that FCI owed Plaintiffs a refund.

16. On January 15, 2025, FCSO issued a decision to Giallonardo regarding the above appeal, again advising her that Medicare did not cover the Services Rendered. Further, the letter advised Giallonardo that "[w]e have also determined that the beneficiary is responsible for the cost of the services," as well as that "The provider . . . may bill the beneficiary for the denied item or service." Finally, the letter advised Giallonardo of her right to seek review of FCSO's decision by a Qualified Independent Contractor (QIC).

17. As set forth in 42 U.S. Code § 1395ff and relevant regulations, there are four levels of non-judicial review of a MAC's decision of Medicare claims: redetermination by the MAC; reconsideration by a QIC; a hearing before an Administrative Law Judge; and review by the Medicare Appeals Council.

18. Only upon exhaustion of all available levels of appeal may a beneficiary bring an action in U.S. District Court seeking judicial review.

19. As of the date of this notice of removal, neither Giallonardo nor anyone acting on her behalf has exhausted all the levels of non-judicial review that follow a redetermination by the MAC.

## PLAINTIFFS' STATE COURT ACTION

20. On or about February 18, 2025, Manfred Hirsch, as spouse and power of attorney for Ellen Giallonardo, filed an action in the County Court in and for Hillsborough County, Florida, captioned <u>Hirsch et al. v. Palermo et al.</u>, Case No. 2025-CC-6650, naming FCSO among the parties-Defendant.

21. Plaintiffs' two-page "Statement of Claim" asserts that FCSO is jointly and several liable for monetary damages to Plaintiffs for "Debt owed, Dereliction of duty, misrepresentation, Gross Negligence, Breach of Contract and Medicare Rules, [and] refusal to communicate important information."

22. Attached to the Statement of Claim is Plaintiffs' four-page "Complaint," which seeks a monetary judgment "in Tort" against FCSO for, among other things, "continued total and complete unresponsiveness" (¶ 3), "complete fail[ure] to provide the services, which Plaintiff Ellen Giallonardo paid for" (¶ 4), and "never answered the multiple correspondence from Plaintiff Manfred Hirsch and signed by Plaintiff Ellen Giallonardo, which is a service that Plaintiff Ellen Giallonardo in good faith paid for in a timely manner" (¶ 4). Plaintiffs' Complaint attaches and references the July 23, 2024, EOB that FCSO sent to Plaintiffs.

23. Regardless of the terminology, it is clear that Plaintiffs seek from FCSO monies that they paid to Palermo for the Services Rendered and/or

damages they claim to have suffered as a result of FCSO's processing of their claim for the Services Rendered.

24. A copy of Plaintiffs' Statement of Claim and their Complaint was mailed to FCSO by U.S. Mail and received on February 24, 2025, which the United States does not concede constituted sufficient or proper service of process.

25. On or about March 19, 2025, the County Court convened a Pretrial Conference at which Plaintiffs voluntarily dismissed Defendants Palermo and FCI, and the Court entered a default judgment against FCSO in the amount of $8362.84. The judgment is void.

**REMOVAL TO THIS COURT**

26. The United States removes this action pursuant to 28 U.S.C. § 1442(a)(1) and § 1441(c).

27. Section 1442(a) provides for removal to this Court of a "civil action . . . that is commenced in a State court and that is against or directed to any of the following . . .":

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28. FCSO is a "person." See, e.g., Brokaw v. Nat'l Air Cargo Holdings, Inc., No. 6:15CV1658-O-37KRS, 2015 WL 8265590, at *2 (M.D.

Fla. Dec. 9, 2015) (holding a corporation is a person for purposes of federal officer removal).

29. At all times relevant, FCSO was "acting under" a federal officer or agency, specifically the Secretary. See 42 U.S.C. § 1395u(a); 42 U.S.C. § 1395kk-1(a)(4).

30. Plaintiffs' suit is for, or relates to, alleged acts and omissions by FCSO "under color of [the] office" of the Secretary. See 42 U.S.C. § 1395u(a); 42 U.S.C. § 1395kk-1(a)(4).

31. The Secretary (once substituted for FCSO) has colorable federal defenses, including: the lack of a waiver of sovereign immunity for the claims; and, to the extent Plaintiffs seek – directly or indirectly – judicial review of the MAC's determination(s) of their claims, their failure to exhaust administrative remedies that precludes subject matter jurisdiction in this Court.

32. Regarding the latter, the Medicare statute strictly limits judicial review of disputes which arise under the Medicare statute. 42 U.S.C. 1395ii (incorporating 42 U.S.C. § 405(h); 42 U.S.C. § 1395ff(b); Heckler v. Ringer, 466 U.S. 602, 614-615 (1984). The Courts have held that 42 U.S.C. § 405(g) is the exclusive method of obtaining judicial review of claims which arise under the Medicare statute. Ringer, 466 U.S. at 615; see also American Academy of Dermatology v. Dept. of Health and Human Services, 118 F.3d 1495, 1499-1500 (11th Cir. 1997); Nat'l Kidney Patients' Assn. V. Sullivan, 958 F.2d 1127, 1132-1134 (D.C.Cir. 1992). Absent satisfaction of the jurisdictional

prerequisites of section 405(g), a claim arising under the Medicare Act, including challenges to decisions on Medicare claims, is barred by section 405(h).

33.     Section 1442(a)(1)'s long-standing purpose has been to ensure a federal forum for those matters where a federal official is entitled to raise a defense arising out of his official duties. See Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986)(quoting Arizona v. Manypenny, 451 U.S. 232, 241 (1981)).  The right of removal conferred by § 1442(a)(1) is "absolute for conduct performed under color of federal office" and the Supreme Court has made clear that the policy favoring removal thereunder "should not be frustrated by a narrow, grudging interpretation . . . ." Schenk, 792 F.2d at 1450 (citing Manypenny. 451 U.S. at 242)(internal quotations omitted). Rather, § 1442(a)(1) is to be construed "liberally in favor of removal." See K&D LLC v. Trump Old Post Off. LLC, 951 F.3d 503, 506 (D.C. Cir. 2020).

34.     Rather than merely being a vehicle for removal by federal agencies and officers, § 1442(a)(1) actually provides "an independent jurisdictional basis" over "those actions commenced in state court that potentially expose a federal officer to civil liability or criminal penalty for an act performed in the past under color of office . . . ." State of Florida v. Cohen, 887 F.2d 1451, 1453-54 (11th Cir. 1989).

35.     A "civil action or criminal prosecution" under 1442(a)(1) includes any proceeding in which a judicial order is sought.  28 U.S.C.

§ 1442(d)(1). Plaintiffs' Statement of Claim and Complaint clearly seek monetary damages against FCSO for its alleged acts and omissions regarding Plaintiffs' claims for reimbursement from Medicare Part B for the Services Rendered.

36. Lastly, removal of a matter pursuant to § 1442 is not subject to the statutory and judicial limitations imposed on removal under § 1441, the general removal statute. 14C Charles A. Wright et al., Federal Practice and Procedure, § 3727 at 166-69 (3d ed. 1998). Thus, for example, it is not necessary to obtain the consent of other parties (if any) to the matter being removed. While the United States contends that the 30-day time limit of 28 U.S.C. § 1446(b) does not apply to the removal of this action, nevertheless this Notice has been filed within 30 days of purported service on FCSO of the State Court suit seeking to subject the federal agency and officers (and those acting under their authority) to civil liability and/or to seek other relief against them.

37. This action is also removable under 28 U.S.C. § 1441(c) as it appears to challenges FCSO's alleged acts and/or omissions in carrying out its duties under the Secretary, including those under 42 U.S.C. § 1395u and 42 U.S.C. § 1395kk-1.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1442, 1441, and 1446, the United States removes this action to the United States District Court for the Middle District of Florida, from the County Court of the Thirteenth Judicial

Circuit of Florida, Hillsborough County, Florida, where said action is currently pending.

Respectfully submitted,

**SARA C. SWEENEY**
Acting United States Attorney

By:  *s/ Charles T. Harden III*
      Charles T. Harden III
      Assistant United States Attorney
      FBN: 97934
      400 North Tampa Street, Suite 3200
      Tampa, FL 33602
      Phone: 813-274-6096
      Fax: 813-274-6200
      E-Mail: charden@usa.doj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Notice of Removal has been sent this 26th day of March, 2025, to the following, by the means indicated:

| EMAIL | U.S. MAIL |
|---|---|
| Plaintiff Manfred Hirsch<br>manfredhirsch@aol.com | Plaintiffs Manfred Hirsch & Ellen Giallonardo<br>3308 Valencia Road<br>Tampa, FL 33618 |
| Damien Hoffman<br>dmh@law-fla.com<br>Counsel for Defendants Dr. Palermo and FCI (both dismissed) | -- |

*s/ Charles T. Harden III*
**Charles T. Harden III**
Assistant United States Attorney
