UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANFRED HIRSCH and
ELLEN GIALLONARDO,

    Plaintiffs,

v.                                          Case No. 8:25-cv-747-WFJ-AAS

VICTORIA PALERMO, MD, DDS
FLORIDA CRANIOFACIAL
INSTITUTE PA, and FIRST COAST
SERVICES OPTIONS, INC.,

    Defendants.
_____/

## ORDER

The United States requests that the Centers for Medicare & Medicaid Services (CMS), a component agency of the United States Department of Health and Human Services, be substituted for First Coast Services Options, Inc. (First Coast) as party-defendant. (Doc. 4). Plaintiffs Manfred Hirsch and Ellen Giallonardo (collectively, the plaintiffs) oppose the motion.[1] (*See* Docs. 16, 18).

I.     BACKGROUND

The plaintiffs petition the court for declaratory judgment and monetary

---

[1] The plaintiffs' objection includes a request to add CMS as a party-defendant, among other requests. (*See* Doc. 18).

1

damages arising from a dispute over how First Coast[2] processed a Medicare[3] claim for dental services rendered to Ms. Giallonardo. The plaintiffs first filed suit against First Coast in the County Court in and for Hillsborough County, Florida, under Case No. 2025-CC-6650. The United States removed the action to this court. (Doc. 1).

The plaintiffs allege First Coast mishandled Ms. Giallonardo's Medicare claim and failed to appropriately respond to inquiries regarding that claim, that they experienced a "complete fail[ure] to provide . . . services" by First Coast, and otherwise failed to properly carry out its duties as an agent of the United States. (Doc. 1-1, p. 5). The plaintiffs request damages of $8,000.00. (*Id.* at p. 6).

## II.  ANALYSIS

This action involves the plaintiffs' allegations regarding First Coast's processing of Ms. Giallonardo's Medicare claim and other interactions between the plaintiffs and First Coast concerning that claim. (Doc. 1-1, p. 5). CMS indemnifies contractors for actions taken on its behalf. 42 C.F.R. § 421.5(b). Because the actions complained of involve First Coast's actions taken in its role

---

[2] First Coast is a private insurance company that acts as a Medicare Administrative Contractor for CMS. *See* 42 U.S.C. § 1395kk1(a)(4).

[3] Medicare is the federal program that pays for covered medical items and services rendered to certain aged and disabled individuals under 42 U.S.C. § 1395, et seq.

2

as Medicare Administrative Contractor for the administration of the Medicare program, CMS is the real party in interest in this litigation. 42 C.F.R. § 421.5(b); *Nu-Air Mfg. Co. v. Hall*, 822 F.2d 987, 996 (11th Cir. 1987). Thus, CMS must be substituted as party-defendant here.

### III.   CONCLUSION

Accordingly, the United States' motion to substitute CMS as party-defendant (Doc. 4) is **GRANTED**. The Clerk of Court is **DIRECTED** to substitute Centers for Medicare & Medicaid for First Coast Service Options, Inc., as party-defendant in this action. To the extent the plaintiffs' request that CMS be included as a defendant (Doc. 18), this request is **GRANTED** for the above reasons. In all other respects, the plaintiffs' requests contained within Document 18 are **DENIED without prejudice**. *See* Local Rule 3.01(a), M.D. Fla. ("A motion *must* include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.") (emphasis added).

**ORDERED** in Tampa, Florida, on April 30, 2025.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge