UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MANFRED HIRSCH and**
**ELLEN GIALLONARDO,**

    **Plaintiffs,**

v.                                     **Case No. 8:25-cv-747-WFJ-AAS**

**VICTORIA PALERMO, MD, DDS**
**FLORIDA CRANIOFACIAL**
**INSTITUTE PA, and FIRST COAST**
**SERVICES OPTIONS, INC.,**

    **Defendants.**
_____/

## ORDER

Plaintiffs Manfred Hirsch and Ellen Giallonardo (collectively, the plaintiffs) move to amend their complaint and add Dr. Victoria Palermo and Florida Craniofacial Institute (FCI) as defendants. (Doc. 9). The United States opposes the motion.[1] (Doc. 11).

I.     BACKGROUND

On February 18, 2025, the plaintiffs filed this action in the County Court in and for Hillsborough County, Florida, under Case No. 2025-CC-6650, naming these defendants: Dr. Victoria Palermo; FCI; and First Coast Service

---

[1] Dr. Palermo and FCI are not named defendants here because they were dismissed before the action was removed to this court. Thus, no response is required. The United States responded in opposition to the plaintiffs' motion to address other claims of relief requested therein.

1

Options, Inc. (First Coast). (Doc. 1-1, pp. 1–4). On March 19, 2025, the County Court held a pretrial conference in which the plaintiffs voluntarily dismissed defendants Dr. Palermo and FCI, and the court entered a "Default Final Judgment" against First Coast for $8,362.84, dismissed and closed the case. (Doc. 1-2, p. 1; 1-3, p. 104–05). The United States then removed the action to this court, moved to substitute the Centers for Medicare & Medicaid Services in place of First Coast as defendant, and moved to alter, amend, or otherwise provide relief from the default judgment. (*See* Docs. 1, 4, 5).

In response to the removal, the plaintiffs filed three documents to add new party-defendants and damages claims. First, the plaintiffs filed "Answers to Notice of Removal" that amended the caption of this action to add "Medicare Part B Administration" as a party-defendant. (*See* Doc. 3). There, the plaintiffs assert claims for "Compensation and Punitive Damages" against Medicare Part B Administration and First Coast for "Gross Negligence, absolute Dereliction of Duties and total Misrepresentation as causes of action." (*Id.*). The plaintiffs also filed a "Supplement" that alleges "additional [acts of] gross negligence" by First Coast and requests $50,000.00 in damages. (Doc. 6). The plaintiffs then filed the instant motion requesting to "formally name and keep in this Federal Action / Suit" Dr. Palermo and FCI.[2] (Doc. 9).

---

[2] The instant motion continues to name "Medicare Part B Administration" as a party-defendant. (Doc. 9, p. 1).

While the plaintiffs' filings do not cite the Federal Rules of Civil Procedure or other authority in support of their motion, it appears the plaintiffs request amendment of the complaint. The United States opposes the plaintiffs' request to amend the complaint. (Doc. 11).

## II.   ANALYSIS

While Rule 15 applies to motions to amend, "the right to amend under Rule 15(a) terminates once a complaint is dismissed." *See MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (citing *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFLCIO*, 724 F.2d 1552 (11th Cir. 1984)). As is the case here, "after the action is dismissed and final judgment is entered," the plaintiffs must "move for relief under Rule 59(e) or 60(b)." *MacPhee*, 73 F.4th 1250.

Rule 59(e) assesses the substance of the judgment. The court may only amend a judgment if it determines that the crux of its ruling was clearly erroneous. In *Jacobs*, the Eleventh Circuit observed that "the only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Consequently, the purpose of Rule 59 is not to "raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*; *Brown v. Spells*, No. 7:11–cv–91 (HL), 2011 WL 4543905, *1 (M.D. Ga. 2011) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008)). The

3

plaintiffs raised no newly-discovered evidence or manifest error to justify amendment to add additional party-defendants under Rule 59(e).

Rule 60(b) provides a limited set of circumstances from which a party may request relief from a final judgment, order, or proceeding:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);[3]
>
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;[4]
>
> (5) the judgment has been satisfied, released or discharged . . .;
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The plaintiffs do not allege Rule 60(b)'s first five circumstances. However, the court must address whether the plaintiffs are entitled to relief from the judgment based on a justifiable "other reason."

Rule 60(b)'s catchall provision is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances, and that absent

---

[3] The plaintiffs cannot assert "newly discovered evidence that, with reasonable diligence, could not have been discovered," since the relevant parties were known to the plaintiffs, who already asserted an array of claims against those parties. (*See* Doc. 1-1).

[4] The court notes that the United States has a pending motion to amend or vacate the judgment. (*See* Doc. 5).

4

such relief, an extreme and unexpected hardship will result." *Saunders v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010). The plaintiffs have shown no exceptional reason, and the court has been unable to glean any reason for invoking the Rule's catchall provision. As stated above, Rule 60(b) provides limited circumstances in which the court may grant a party relief. Because the plaintiffs failed to advance sufficient justification for permitting the amendment, the court finds that it must deny relief under Rule 60(b). *See Bell v. Hadley*, No. CIV.A. 04-0263-WS-D, 2006 WL 572329, at *1 (S.D. Ala. Mar. 7, 2006) ("Having elected to dismiss his claims against defendants in this action voluntarily, plaintiff cannot "unring" that bell simply because he has changed his mind" and noting relief, if any, would have to be under Rule 60(b)).

### III.   CONCLUSION

Accordingly, the plaintiffs' motion to amend their complaint and add Dr. Palermo and FCI as defendants (Doc. 9) is **DENIED**. The Clerk of Court is **DIRECTED** to terminate Dr. Victoria Palermo and Florida Craniofacial Institute as named defendants.

**ORDERED** in Tampa, Florida, on April 30, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge