UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MANFRED HIRSCH and**
**ELLEN GIALLONARDO,**

    **Plaintiffs,**

v.                                                 **Case No. 8:25-cv-747-WFJ-AAS**

**THE CENTERS FOR MEDICARE &**
**MEDICAID SERVICES,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The United States of America requests that the court alter or amend, or provide relief from, the March 19, 2025, default judgment entered against First Coast Service Options, Inc. (First Coast) by the County Court, in and for Hillsborough County, Florida.[1] (Doc. 5). Plaintiffs Manfred Hirsch[2] and Ellen Giallonardo (collectively, the plaintiffs), proceeding pro se, oppose the motion. (Docs. 16, 18).

**I.  BACKGROUND**

On July 27, 2023, Ms. Giallonardo received dental services from Victoria

---

[1] For the reasons stated in its order, the court substituted the United States the Centers for Medicare & Medicaid Services (CMS) in place of First Coast Services Options, Inc., as party-defendant. (*See* Doc. 19).

[2] Mr. Hirsch is the spouse and power of attorney of Ms. Giallonardo.

Palermo, M.D., D.D.S., and Florida Craniofacial Institute PA (FCI). On June 3, 2024, the plaintiffs submitted a claim requesting Medicare coverage for dental services to First Coast, a Medicare Administrative Contractor.[3] On July 23, 2024, First Coast sent Ms. Giallonardo a "Medicare Summary Notice" advising that Medicare did not cover the dental services rendered, and erroneously stated that Ms. Giallonardo was due a refund from FCI. (Doc. 1-1, pp. 7–13). On August 9, 2024, FCI requested that First Coast conduct a redetermination of benefits to correct the statement that a refund was due from FCI to Ms. Giallonardo.

First Coast reopened Ms. Giallonardo's claim for redetermination, identified the error, and mailed Ms. Giallonardo a revised Medicare Summary Notice correcting its statement that Ms. Giallonardo was due a refund from FCI. (Doc. 1-3, pp. 33–37). On December 3, 2024, the plaintiffs appealed First Coast's determination and requested a revised statement that FCI owed the plaintiffs a refund. (*Id.* at p. 38). On January 15, 2025, First Coast reissued its decision advising the plaintiffs that "the beneficiary is responsible for the cost of the services," as well as that "[t]he provider . . . may bill the beneficiary for the denied item or service." (Doc. 5-1). The letter further advised Ms. Giallonardo of her right to seek review of the decision by a Qualified

---

[3] Neither Dr. Palermo nor FCI is an enrolled provider under Medicare.

2

Independent Contractor as an administrative remedy. (*Id.*). However, the plaintiffs did not exhaust this level of nonjudicial review.

On February 18, 2025, the plaintiffs filed this action in the County Court, in and for Hillsborough County, Florida, under Case No. 2025-CC-6650. In the complaint, the plaintiffs request that First Coast refund the money paid to Dr. Palermo and FCI and for damages suffered because of First Coast's alleged improper processing of their claim. (Doc. 1-1). The complaint was sent to First Coast by U.S. Mail and received on February 24, 2025, which the United States contends is not proper service of process. On March 19, 2025, the County Court held a pretrial conference in which the plaintiffs voluntarily dismissed Dr. Palermo and FCI from the action and entered final default judgment against First Coast for $8,362.84. (Doc. 1-3, pp. 104–05). This removal under 28 U.S.C. § 1442 followed. (Doc. 10).

The United States now requests that this court find the County Court's default judgment entered against First Coast void for lack of subject matter jurisdiction, and that the plaintiffs failed to exhaust their administrative remedies. (Doc. 5).

## II. ANALYSIS

28 U.S.C. § 1442 allows for the removal of a civil action commenced in a state court against the United States, its agencies, or its officers to federal court. The entry of a final judgment by a state court does not preclude removal

3

under 28 U.S.C. § 1442. *Miami Herald Media Co. v. Fla. Dep't of Transp.*, 345 F. Supp. 3d 1349, 1366 (N.D. Fla. 2018) (citation omitted). In cases removed after judgment, the federal district court may review them as it would review on its own, following the ordinary rules on post-judgment remedies. *Id.* The district court may relieve a party from a final judgment on various grounds under Rule 60(b), including where the judgment is void or for any other reason that justifies relief.[4] *Id.*

Federal Rule of Civil Procedure 60(b) permits the court to "relieve a party . . . from a final judgment" for reasons including: mistake, inadvertence, surprise, or excusable neglect; or because the judgment is void. Fed. R. Civ. P. 60(b)(1), (4). "A legal error can be a 'mistake' within the scope of Rule 60(b)." *King v. Bencie*, No. 8:17-cv-2982-T-02TGW, 2019 WL 1897858, at *1 (M.D. Fla. Mar 19, 2019). Here, the courts lack subject matter jurisdiction over the plaintiffs' claims because there has been no waiver of sovereign immunity. Although the plaintiffs named First Coast as party-defendant, their claims involve the administration of the Medicare program. As such, CMS, a federal

---

[4] Like this action, in *Law Off. of Mark Kotlarsky Pension Plan v. Hillman*, the District Court found the United States properly removed under § 1442 an action against a Medicare administrative contractor following the State Court's entry of judgment against the Medicaid administrative contractor. *See* No. CIV.A. TDC-14-3028, 2015 WL 5021399, at *5 (D. Md. Aug. 21, 2015) (setting aside final judgment under Federal Rule of Civil Procedure 60(b)).

government agency, was substituted for First Coast as party-defendant.[5] 42 C.F.R. § 421.5(b) ("CMS is the real party of interest in any litigation involving the administration of the [Medicare] program.").

The federal government and its agencies are immune from suit unless they have consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Consent to suit is a prerequisite to jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007) ("The absence of such a waiver [of sovereign immunity] is a jurisdictional defect). The consent must be express and unequivocal. *Mitchell*, 445 U.S. at 538. "A waiver of the federal government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The party asserting jurisdiction bears the burden of establishing a waiver of sovereign immunity *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007). The plaintiffs have identified no basis to waive the United States' sovereign immunity against the civil claims asserted.

In addition, any potential viable claims under the Medicare Act must

---

[5] CMS is a division of the United States Department of Health and Human Services and administers the Medicare and Medicaid programs, which provide health insurance benefits to elderly, disabled, and low-income individuals. *F. Healthcare Group, Inc. v. Centers For Medicare and Medicaid Services*, 495 F. Supp. 2d 1321 (2007).

first be channeled through the Medicare administrative process. Medicare administrative contractors carry out the daily administrative task of receiving and processing Medicare claims. *See* 42 U.S.C. § 1395kk1. First Coast is a Medicare administrative contractor. A party to an initial determination denying a Medicare claim may challenge that decision through a required, multi-step administrative appeal process, and only after fully exhausting that process may a party seek judicial review of the agency's final decision. *See 42 U.S.C. § 1395ff(a), (b)(1); 42 C.F.R. §§ 405.904(b); 405.906(a), (b).* The Medicare statute provides that "any individual dissatisfied with any initial determination shall be entitled to reconsideration of the determination, and . . . a hearing thereon by the Secretary. . . and . . . to judicial review of the Secretary's final decision after such hearing . . ." 42 U.S.C. § 1395ff(b)(1)(A). Only a party that has received a "final decision of the [Secretary] made after a hearing" may obtain judicial review of the decision by filing an action in federal district court. 42 U.S.C. § 405(g) (made administrative remedy applicable to Medicare by 42 U.S.C. § 1395ff(b)(1)). This is the sole avenue for judicial review of claims arising under Medicare law. *See* 42 U.S.C. § 405(h) (made applicable to Medicare by 42 U.S.C. § 1395ii). Because the plaintiffs' claim here arises under the Medicare Act, and because the requirements of 42 U.S.C. § 405(g) have not been satisfied, the claim is also barred by 42 U.S.C. § 405(h).

### III. CONCLUSION

Accordingly, it is **RECOMMENDED** that the United States' motion to alter or vacate the final default judgment entered against First Coast (Doc. 4) be **GRANTED** and the final default judgment entered against First Coast be declared void based on lack of subject matter jurisdiction and failure to exhaust administrative remedies.

**ENTERED** in Tampa, Florida, on May 8, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.