UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANFRED HIRSCH and
ELLEN GIALLONARDO,

    Plaintiffs,
v.                                                                                  Case No. 8:25-cv-747-WFJ-AAS

THE CENTERS FOR MEDICARE &
MEDICAID SERVICES,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the United States' motion to alter or vacate a final default judgment entered against First Coast Services Options, Inc. ("First Coast") (Dkt. 5), and the papers in opposition filed by the Plaintiffs, proceeding *pro se* (Dkts. 16, 18). The United States Magistrate Judge issued a report recommending that the motion be granted and the final default judgment against First Coast be declared void based on lack of subject matter jurisdiction and the failure to exhaust administrative remedies. Dkt. 21. The Centers for Medicare & Medicaid Service ("CMS") has been substituted for First Coast as the proper Defendant—the federal agency within the U.S. Department of Health and Human Services charged with administering the Medicare program. *See* Dkts. 4, 19, 21 at 5. First Coast is a Medicare administrative contractor tasked with receiving and processing Medicare claims. Dkt. 5 at 9.

The time for filing objections to the Report and Recommendation has passed. The Court reviews the legal conclusions *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). After conducting an independent examination of the file, the Court agrees with the through and well-reasoned Report and Recommendation.

In this removed case, the County Court, in and for Hillsborough County, Florida, entered a final default judgment against First Coast in the amount of $8,362.84. Dkt. 21 at 3; Dkt. 1-3 at 104–105. Plaintiffs filed suit because Medicare did not cover dental services received by Ms. Giallonardo. As the United States points out, proper service was not effectuated in county court against CMS as the real party in interest, and CMS enjoys sovereign immunity. Additionally, Plaintiffs did not seek review of First Coast's revised determination the Plaintiff beneficiaries were due no refund, and therefore failed to exhaust administrative remedies before filing suit in county court.

Accordingly, the Court rules as follows:

1. The Report and Recommendation (Dkt. 21) is adopted, confirmed, and approved in all respects and made a part of this order.

2. Plaintiff's motion to alter or vacate the final default judgment against First Coast (Dkt. 5) is granted. The final default judgment entered in Hillsborough

County Count against First Coast is hereby declared void based on lack of subject matter jurisdiction and failure to exhaust administrative remedies.

**DONE AND ORDERED** at Tampa, Florida, on May 30, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Plaintiffs, *pro se* and Counsel of record